CEPHAS C. CHAMBERLAIN *vs.* NATHANIEL C. A. PREBLE.

If one who has conveyed land with a covenant to warrant and defend the title is vouched in by his grantee to defend a suit brought against him by one claiming an adverse title he in his turn may vouch in his grantor, who conveyed the premises to him with a like covenant, to defend the same suit.

One who has been duly vouched in to defend a title which he has covenanted to warrant and defend will be bound by the result of the suit, establishing the adverse title, although he did not appear therein, and although it was decided upon an agreed statement of facts, in which a fact was misstated, which if correctly stated would have defeated the adverse title, provided such statement of facts was agreed to in good faith and without collusion.

CONTRACT brought to recover damages for the breach of a covenant of warranty contained in a deed of land given by the defendant to James W. Baldwin, who in his turn conveyed the land to the plaintiff with a like covenant.

At the trial in the superior court, before *Ames*, J., without a jury, the following facts appeared : On the 4th of April 1846, Nathaniel C. Woodman conveyed the premises to Mary W. Comer, wife of George N. Comer, to have and to hold the same to her sole and separate use, free from the interference or control of her husband. On the 18th of November 1846, she conveyed the same by her sole deed to the defendant, who on the 7th of May 1847 conveyed the same to James W. Baldwin by a deed containing covenants that he was lawfully seized in fee simple thereof; that they were free from all incumbrances excepting certain mortgages therein specified; that he had good right to sell and convey the same to said Baldwin, his heirs and assigns forever, subject to said mortgages; and that he and his heirs, executors and administrators would warrant and defend the same to the said Baldwin, his heirs and assigns, forever

against the lawful claims and demands of all persons. On the 21st day of June 1855 Baldwin conveyed the premises to the plaintiff, with like covenants. In November 1848 Mrs. Comer had, for the first time, a living child born; and died in June 1851.

On the 21st of September 1859 George N. Comer commenced a writ of entry against the plaintiff, demanding the premises as tenant by the curtesy. Baldwin, as warrantor of the present plaintiff, assumed the defence of that suit and employed counsel therein, though he did not appear of record; and Baldwin on the 9th of December 1859 caused a formal notice to be served upon the present defendant, informing him that the suit had been commenced, and that the present plaintiff had notified him thereof and claimed to hold him responsible as his grantor, and requesting the present defendant to assume the defence and expense of the suit, and giving notice that he should look to him for all expense and damage to which he might be put by reason of any failure of his title to the premises. The suit of *Comer* v. *Chamberlain* was submitted to the court on an agreed statement of facts, signed by both parties, and the question arising upon those facts was brought by appeal to the supreme judicial court, where it was decided in favor of Comer, and judgment was finally entered for him in February 1864. This case is reported in 6 Allen, 166. To avoid being ejected, the present plaintiff then paid to Comer $1300, in consideration of which Comer released the premises to him.

Comer was an alien by birth. On the 10th of February 1845 he filed his primary declaration, for the purpose of being naturalized; and became naturalized on the 5th of July 1847. In the agreed statement of facts upon which the case of *Comer* v. *Chamberlain* was decided, it was represented that Comer was naturalized on the 10th of February 1845. This error did not arise from collusion or bad faith, but was a mere mistake. It did not appear that the present defendant had any knowledge of the agreed statement of facts, or that the question when Comer was naturalized was brought to his attention at all, or that he participated at all in the defence of Comer's suit.

Upon these facts the judge found for the defendant, on the ground that under these circumstances he was not bound by the judgment, but had a right to show and had succeeded in showing that in fact Comer had no title to the premises. The plaintiff alleged exceptions.

*F. A. Brooks*, for the plaintiff. The defendant was bound by the former judgment. Rawle on Covenants, 198, 199. *Hamilton* v. *Cutts*, 4 Mass. 353. *Duffield* v. *Scott*, 3 T. R. 377. *Jones* v. *Williams*, 7 M. & W. 501. *Veazie* v. *Penobscot Railroad*, 49 Maine, 125. *Kip* v. *Brigham*, 6 Johns. 158. *Castle* v. *Noyes*, 4 Kernan, 332. *Coates* v. *Roberts*, 4 Rawle R. 112. *Paul* v. *Witman*, 3 Watts & S. 409. The notice to Preble need not appear of record. *Miner* v. *Clark*, 15 Wend. 427. *Collingwood* v. *Irwin*, 3 Watts, 310. The date of Comer's naturalization was immaterial. *Foss* v. *Crisp*, 20 Pick. 121. *St.* 1845, *c.* 208, § 7. *Scanlan* v. *Wright*, 13 Pick. 529.

*J. D. Ball*, for the defendant. Comer had no estate as tenant by the curtesy. At that time an alien could not take or hold real estate by descent or in any way by the act of the law. *Foss* v. *Crisp*, 20 Pick. 121. *Slater* v. *Nason*, 15 Pick. 349. 1 Cruise Dig. (Greenl. ed.) tit. v. *c.* 1, § 27. *St.* 1852, *c.* 29. The judgment in the former action is not binding on this defendant. The plaintiff therein voluntarily and without right admitted away his entire case by agreeing to submit it upon a statement of facts which was false in a vital particular. *Kelly* v. *Dutch Church*, 2 Hill, 105. *Brown* v. *Taylor*, 13 Verm. 638. *Pitkin* v. *Leavitt*, Ib. 385. *Wilson* v. *M'Elwee*, 1 Strobh. (S. C.) 65. *Sisk* v. *Woodruff*, 15 Illinois, 18. If the plaintiff had acknowledged Comer's claim without suit, and paid him, clearly he would have done so at his peril. Does he stand any better in this case because he voluntarily submitted the case upon an erroneous statement of facts? The plaintiff knew that Comer was an alien, because that fact was recited in the agreed statement; and knowledge of the exact date was easily accessible. This defendant, however, had no knowledge of that matter. Even if the defendant would be liable if he had been properly vouched in, he was not properly vouched in, as the

notice to him did not come from Chamberlain. *Collingwood* v *Irwin,* 3 Watts, 310.

CoLT, J.   The plaintiff in support of his action, and to show a paramount title in Comer, in land conveyed with warranty by the defendant to Baldwin, under whom the plaintiff claims by warranty deed, produced a judgment recovered against him in a writ of entry in favor of Comer.   *Comer* v. *Chamberlain.* 6 Allen, 166.   When that suit was brought, the present plaintiff notified his immediate grantor, Baldwin, who assumed the defence, employed counsel therein, and notified the defendant, Preble, of the pendency of the action, and requested him to assume the defence.   It does not appear that Preble took any part in the defence.   Comer, who was an alien, but had become a naturalized citizen, claimed to hold the demanded premises as tenant by the curtesy.   The case was decided upon an agreed statement of facts in which the true date of Comer's naturalization was misstated.   Judgment was recovered against the present plaintiff, and the question is upon the conclusiveness of that judgment against the defendant in this case.

In *Boston* v. *Worthington,* 10 Gray, 498, Metcalf, J. cites with approbation the law as thus laid down by Bell, J., in *Littleton* v. *Richardson,* 34 N. H. 187 : " When a person is responsible over to another, either by operation of law or by express contract, and he is duly notified of the pendency of the suit, and requested to take upon himself the defence of it, he is no longer regarded as a stranger, because he has the right to appear and defend the action, and has the same means and advantages of controverting the claim as if he was the real and nominal party upon the record.   In every such case, if due notice is given to such person, the judgment, if obtained without fraud or collusion, will be conclusive against him, whether he has appeared or not."

The defendant objects that notice of Comer's suit was not properly served upon him, because it was given in the name of Baldwin instead of the plaintiff.   The strict formalities required in the writ of *warrantia chartæ* and voucher, as used in the ancient common law warranty, are not required, to render the

judgment conclusive in an action upon the modern covenant of warranty. The question in these cases usually is, whether the defendant has had reasonable notice of the suit, and an opportunity to defend it. If he has, he is bound by the proceedings. It is not necessary that the notice should appear of record ; and no particular form of words is necessary. In some cases a verbal notice has been held sufficient; in others the presence of the defendant and his participation in the defence have been enough to render the judgment conclusive.

In this case Baldwin, having assumed the defence and employed counsel, was acting with the consent and at the request of the present plaintiff, Chamberlain, and it is perhaps a sufficient answer to the defendant's objection that, while that relation existed, Baldwin is to be regarded as having been the attorney and agent of Chamberlain, to do all that properly pertained to the defence of that suit. By assuming the defence, Baldwin became privy if not a party to that judgment, and pending the suit a notice from him to the defendant, it seems to us, was quite as proper and effectual as if given in the name of Chamberlain. Under such a notice, with an opportunity to appear and defend, he cannot be deemed a stranger to the proceedings. *Miner* v. *Clark*, 15 Wend. 427. Rawle on Covenants, 200.

But the defendant further insists that the judgment is not conclusive upon him because founded on an agreed statement of facts which was untrue, in that it stated the date of Comer's naturalization to be February 10th 1845, instead of July 5th 1847 ; and that this was a material inaccuracy, because, the latter being the true date of naturalization, and the land having been previously conveyed by his wife, Comer could not be tenant by the curtesy, and could not have recovered judgment, and so the plaintiff virtually admitted a fact which did not exist, and was material in the case.

It is plain that if the plaintiff had without suit acknowledged he title of Comer and paid the amount required to extinguish it, he would have done so at his peril, and could not now prevail against the defendant without proving the paramount title of Comer. To what extent and in what manner must a party, who

is threatened with eviction by the holder of a paramount title, and who has notified his warrantor to come in and defend, resist the claim which is sought to be enforced by legal proceedings, in order that the judgment which may be rendered against him may be conclusive in a suit upon his covenant of warranty?

A faithful performance of the covenant to warrant and defend requires the covenantor, on notice, to appear and take upon himself the defence of the estate, when assailed by a paramount title. After suit brought and notice to him, the covenantor stands in a different relation to the party who has a right to look to him for indemnity. If he does not assume the defence, it is at least his duty to communicate all information in his power as to the validity of the plaintiff's title. If he fails to do so, if he stands by and permits a recovery for want of evidence of which he has knowledge, he cannot be permitted to show that the result would have been otherwise if the evidence had been produced, and so avoid the effect of the recovery in a suit against him. If he pays no attention to the notice, and turns his back upon the suit, he cannot when called upon to respond be permitted to prove that the defendant in the original suit would have prevailed if the defence had been conducted with a fuller knowledge of material facts. The judgment of courts must be based on the facts as they are presented. No doubt if the truth could always be fully and accurately known, many decisions would appear erroneous, but it is for the public interest that there should be an end of litigation; and parties and privies who have once had day in court cannot, by mere proof or offer of proof that the judgment was founded on error in fact, renew the controversy. Nor can it make any difference that the facts or some of them, in a proper case, were agreed by the parties, instead of being passed upon by the jury. Few trials before a jury are had without the agreement of parties or counsel to many matters thought not to be in controversy. The execution of written instruments, the testimony of absent witnesses, and the date of the happening of a particular event, are of this class. A mistake in the admission of any one such fact, if material, would be quite as fatal in its effect upon the conclusiveness

of the judgment as an error in an agreed statement of facts. Indeed, if the effect of the judgment is to be avoided in such cases, it is difficult to say that the existence of material evidence which the defendant failed to produce would not have the same effect. To come to this, it is evident, would be to open to litigation every judgment for eviction upon which the covenantee seeks indemnity from his grantor.

The judgment by which the plaintiff has been evicted is not to be impeached in an action against a grantor upon his covenants, who was duly notified, merely by proof of mistake in the conduct of the defence of the original suit, if there is no want of fidelity, and the judgment is free from fraud or collusion. In *Jackson* v. *Marsh*, 5 Wend. 44, it seems to be held that after notice to the covenantor and a request to defend, the covenantee is not bound to defend, and a judgment on default even is conclusive. And when the covenantee acts in good faith under the advice of counsel after an action is commenced and notice given, with failure of the defendant to respond, it is difficult to see why he should be obliged to go through with the form of a trial which he is advised must result in a recovery against him.

The case of *Kelly* v. *Dutch Church*, 2 Hill, 114, cited by the defendant, was a case where the plaintiff failed to establish that he was evicted by a title paramount to that of the defendants, at the time of the defendants' conveyance. He not only failed to do this, but he proved that the recovery was had against him upon a right or title subordinate to that of the defendants, and which the plaintiff was estopped to deny by the acts and declarations of those under whom he claimed title. The recovery in Comer's suit was on the sole ground of title paramount to that conveyed by the present defendant. It was a case manifestly proper to be presented on an agreed statement of facts. Both parties regarded the case as presenting mainly a question of law upon facts the nature of which hardly admitted of serious controversy before the jury. The error in regard to the date of Comer's naturalization was innocently made; it was perhaps not thought material whether it occurred before or after the conveyance by his wife. It is now argued that, though it occurred

after the conveyance, yet he was equally entitled to his tenancy by the curtesy. He was naturalized before his wife's death, and before the birth of issue. It was indeed held by the court in *Comer* v. *Chamberlain* to be sufficient to enable the demandant to recover "if the essential requisites of a tenancy by the curtesy existed during the lifetime of the wife;" but the chief justice was then speaking evidently of the elements necessary to entitle the plaintiff to a tenancy by the curtesy at common law, and without reference to his alienage at the time of his wife's conveyance. And though it is said by Lord Coke that naturalization cancels all defects and is allowed to have a retrospective energy which simple denization has not, and if a man take an alien to wife and afterwards sell his land and his wife be naturalized she shall be endowed of the lands held before eviction; Co. Litt. 33 *a*, 129 *a;* yet it has been held in this country that the peculiar phraseology of our naturalization laws gives them no retroactive force to affect the rights of third persons previously acquired, in analogy to the simple denization of England. *Priest* v. *Cummings*, 20 Wend. 338.

But without discussing this point further, and assuming but not deciding that the mistake in the date of naturalization was a mistake material to the recovery by Comer in that suit, we are of opinion that the judgment in that case is conclusive upon the defendant in this, notwithstanding the mistake.

*Exceptions sustained.*