FEDERAL LIGHTERAGE CO., INC., Appellant, v. ITALIA-AMERICA SHIPPING CORPORATION, Respondent, Impleaded with JOHN J. DEERY CO., INC., Appellant.

Supreme Court, Appellate Term, First Department, June 9, 1925.

Parties — joinder of parties — application by defendant for leave to bring in as additional party defendant corporation for whom it acted as agent — plaintiff not required to serve supplemental pleading on proposed defendant brought in under Civil Practice Act, § 193, subd. 2 — original defendant entitled to bring in codefendant in event it drafts and serves supplemental pleading.

Section 193, subdivision 2, of the Civil Practice Act, permitting a defendant to bring in an additional party defendant, does not require the plaintiff to draft a supplemental pleading and serve it upon said additional party. The intention of the statute is not to add to the burdens of the plaintiff, but rather to confer a privilege upon the defendant by permitting him to frame a supplemental pleading in the nature of a complaint against the parties sought to be brought in, which, if sustained, entitles him to judgment.

Accordingly, an order requiring a plaintiff to serve a supplemental complaint upon an additional party defendant, for whom the original defendant had acted as an agent under the contract in issue, should be modified by requiring the original defendant to serve a supplemental summons upon the party it seeks to bring in as an additional party defendant and an appropriate pleading upon said codefendant and the plaintiff herein.

CROSS-APPEALS by the plaintiff and the impleaded defendant, John J. Deery Co., Inc., from an order of the Municipal Court, Borough of Manhattan, First District, granting a motion to implead the aforementioned defendant.

*Foley & Martin* [*William Shea* of counsel], for the plaintiff.

*Bauerdorf & Taylor* [*Amos H. Clauder* of counsel], for the appellant John J. Deery Co., Inc.

*Gilbert & Gilbert* [*Godfrey Cohen* of counsel], for the respondent.

LEVY, J.:

The application below was by the defendant Italia-America Shipping Corporation under section 193, subdivision 2, of the Civil Practice Act for leave to implead John J. Deery Co., Inc., as an additional party defendant. The plaintiff appeals from that part of the order burdening it with the service of the supplemental pleading upon the third party, and the defendant Deery Co. from the order bringing it in as such party.

It was manifestly improper to require the plaintiff to serve

182    FEDERAL LIGHTERAGE CO., INC., *v.* ITALIA-AMERICA S. CORP.

Appellate Term, First Department, June, 1925.          [Vol. 125

the supplemental pleading upon the third party. The framing of such a pleading requires a familiarity with facts and evidence, which in the circumstances are within the peculiar knowledge of the original defendant. Furthermore, such a pleading carries with it a responsibility which the plaintiff cannot properly and justly sustain, and privileges perhaps, which may be denied it due to its lack of knowledge of the facts of the case against the proposed defendant, such as furnishing a bill of particulars, if called for, and an examination before trial. Moreover, as we have pointed out in *Bozzuffi* v. *Darrieusecq* (125 Misc. 178), the intention of the statute was not to add to the burdens of the plaintiff, but to confer a privilege upon the defendant by permitting him to frame a supplemental pleading in the nature of a complaint against the party sought to be brought in, which, if sustained, would entitle him to a judgment against the latter. It was certainly not the aim of the law to compel the plaintiff to accept the impleaded defendant's alleged liability in substitution for that of the primary defendant. Even if, as is claimed to be the situation here, the new party is the undisclosed principal of the original party, the plaintiff should not be compelled to substitute for the party on the strength of whose credit he rendered the service, a total stranger with whom he has had no dealings whatever. Such an interpretation would destroy the right of election on the part of the plaintiff and might even be of doubtful constitutional validity as an impairment of the obligation of contracts. That the bringing in of the proposed party is not intended by the statute to impede or prejudice the progress of plaintiff's suit against the primary defendant is amply borne out by the language of subdivision 4 of section 193 of the act under discussion.

On the other hand, the primary defendant claims that in contracting for the lighterage service from the plaintiff, it acted as the agent for the codefendant, who was bound to reimburse it for the liability thus assumed, the service being engaged by such defendant at the express direction of said Deery Company, and for the latter's benefit. From these allegations it appears that it was within the proper discretion of the court below to order the Deery Company to be impleaded as a codefendant, but the original defendant should have been required to frame and serve the supplemental pleading. To a mandate in this form the plaintiff interposes no objection.

The order should, therefore, be modified by requiring that the defendant serve the supplemental summons upon John J. Deery Co., Inc., and an appropriate pleading upon said codefendant and the plaintiff and order, so modified, affirmed, with ten dollars costs.

payable by the defendant Italia-America Shipping Corporation to the plaintiff, appellant, and ten dollars costs payable by John J. Deery Co., Inc., to the Italia-America Shipping Corporation.

All concur; present, BIJUR, McGOLDRICK and LEVY, JJ.