DANIEL F. DRISCOLL, Plaintiff, *v.* FRANK M. CORWIN, Sheriff of the County of Ontario, N. Y., Defendant.

Supreme Court, Ontario County, March 15, 1929.

*W. Smith O'Brien,* for the plaintiff.

*Earle S. Warner,* for the defendant.

RODENBECK, J.   The defendant claims to have a bond of indemnity from the Rochester Auto Parts, Inc., principal, and the American Surety Company, surety, protecting him against a claim which the plaintiff is making against him, and asks to have the Rochester Auto Parts, Inc., and the American Surety Company brought in as defendants, so that not only his liability to the plaintiff but the liability of the Rochester Auto Parts, Inc., and the American Surety Company to him may be determined in one action.   This motion is countenanced by subdivision 2 of section 193 of the Civil Practice Act, a new provision, which permits any party to an action to bring in a third person, not then a party to the action, who, it is claimed, is liable to such party, wholly or in part, for the claim made against him in the action.   In *Stern v. Ide & Co., Inc.* (212 App. Div. 714), the court said: " It seems to me that the real intent of the Legislature in enacting section 193 was to permit a party who is charged with some sort of liability to bring in another party liable to contribute or indemnify the party charged."   That is what the defendant seeks to do in this case.   If the Rochester Auto Parts, Inc., and the American Surety Company are brought in, the jury, upon proper instructions from the court, will determine how much, if any, the defendant Corwin is indebted to the plaintiff, and how much, if any, the Rochester Auto Parts, Inc., and the American Surety Company are indebted to the defendant Corwin.   The determination of these issues involves the trial of two causes of action, but they relate to the same transaction, the act of the sheriff in connection with the levy made on the property of the Grubb Motor Sales Company, Inc., located on the premises of the plaintiff.

The motion to bring in the trustee in bankruptcy is premature, and may be renewed when the trustee is appointed.   The claim against the bankrupt can be adjudicated in the bankruptcy proceedings.   The only object in making the trustee a party is to obtain an adjudication binding in that proceeding.

The motion is granted to the extent of allowing the defendant to bring in the Rochester Auto Parts, Inc., and the American Surety Company as defendants, and to serve a supplemental summons and pleading, alleging the claim of the defendant against these defendants (*Federal Lighterage Co. v. Italia-America S. Corp.*, 125 Misc. 181); otherwise, it is denied.   So ordered.