VERMEULE ET ALS *vs*. BRAZER.

York.     Opinion January 14, 1930.

*Ray P. Hanscom,*
*Leroy Haley,* for petitioners.
*E. P. Spinney,* for respondent.

SITTING: DEASY, C. J., DUNN, STURGIS, PATTANGALL, FARRINGTON, JJ. PHILBROOK, A. R. J.

PHILBROOK, A. R. J.   The proceeding technically termed a review is expressly authorized by statute in some states, and where it exists the language of the particular act creating the remedy must determine its scope and the right to resort thereto, 23 R. C. L., 1111. Such statute exists in this state, R. S., Chap. 94.

In *Elwell* v. *Sylvester*, 27 Me., 536, decided in 1847, under the statute as it then existed, the Court held that where a review was granted our legislative act made no provision for the introduction of a new party; proceedings between the same parties only were contemplated.

By Chap. 94, Sec. 3, P. L., 1859, the statute providing for review of a civil action was amended so as to read as follows:

"Sec. 3. An action prosecuted or defended by a party in interest who is not the party of record, may be reviewed on petition of the party in interest setting forth the fact of such interest, but the writ of review in such case shall not issue until the petitioner has filed a bond with sufficient surety or sureties, approved by the presiding judge, to secure the party of record against any judgment recovered by the defendant in review."

This amendment now obtains in R. S., Chap. 94, Sec. 1, par. III, subject to slight verbal changes made by revisions of the general statutes since its enactment, and reads thus:

"On the petition of a party in interest who was not a party to the record, setting forth the fact of such interest, and upon filing a bond with sufficient surety or sureties, approved by the presiding Justice, to secure the party of record against any judgment recovered by the defendant in review."

In the instant case the plaintiffs joining in the petition for review are three in number, namely, Adrienne Vermeule, Sarah W. Pickering and Mary O. Pickering. In the original action, review of which is here sought for, Vermeule was not a party of record. That action was brought by Norman Brazer, defendant in this petition, against the two Pickerings. The action was a writ of entry. The writ was sued out in August, 1927, entered at the September term of the same year, the Pickerings defaulted at the latter term for non-appearance, judgment for possession issued, and Brazer put in possession of the property on October 19, 1927. Vermeule was

the grantor in the Pickering chain of title. In November, 1927, after the case had been defaulted, but, according to the bill of exceptions, before any of the petitioners became aware of the default, the Pickerings deeded the fee in the disputed land back to their grantor, Vermeule, retaining an easement in the land. According to the bill of exceptions, this was done (as found by the Court) in order that Vermeule might take charge of and conduct the defense. The bill of exceptions discloses:

1. The Court ruled as a matter of law that Vermeule needed to be a party of record, or to have been avouched in, in order to qualify him as a party in interest, and not having been avouched in to defend and not being a party of record, the writ of review could not be granted jointly to the Pickerings and Vermeule;

2. That Vermeule needed to become a party of record or to be avouched in to defend in order to become a "party in interest";

3. That on the testimony and evidence in the case, Vermeule not having been avouched in to defend the action, nor having been a party of record, was not a party in interest within the meaning of the statute, and that the writ could not be granted upon the petition of Vermeule and the Pickerings jointly.

A very large part of the record is applicable to the question whether the writ should be granted, provided proper parties were seeking the review, but the question raised by the bill of exceptions is not whether the writ should be granted on the merits of the case, but whether the proper parties were before the court. Therefore the only question for us to determine is whether the ruling in the court below was correct in that respect.

It being conceded that Vermeule was not a party of record in the original suit, it remains to be seen whether he is a party in interest, as to the petition at bar, by reason of proper avouchment. If one is bound by a judgment in the original suit, it is just that he should be given the right to bring a petition for its review. Hence it has been held that a warrantor, who has been avouched in to defend a real action against his warrantee, can bring a petition for review as a party in interest, because after such voucher the warrantor is bound by the judgment rendered therein, even though he does not appear and defend the suit. *Farnsworth* v. *Kimball*, 112 Me., 238; *Glovesky* v. *Realty Bureau*, 116 Me., 378.

No case has been brought to our attention which prescribes any definite form of notice to be given to one who is said to be avouched to assume defense of an action. In *Chamberlain* v. *Preble*, 93 Mass., 370 (11 Allen), it was held that the question usually is whether the warrantor has had reasonable notice of the suit and an opportunity to defend it. If he has, he is bound by the proceedings. It is not necessary that the notice should appear of record and no particular form of words is necessary. In some cases a verbal notice has been held sufficient, in others the presence of the warrantor and his participation in the defense have been enough to render the judgment conclusive and hence to make the warrantor a party in interest. In *Glovesky* v. *Realty Bureau*, supra, it was held that if the indemnitor in that case had appeared and defended the action brought against his indemnitee, or had the latter notified the indemnitor of the pendency of the suit and asked him to take upon himself its defense, he would then have been a party in interest. "When a person is responsible over to another, either by operation of law or by express contract, and notice has been given him of the pendency of the suit and he has been requested to take upon himself the defense of it, he is no longer regarded as a stranger to the judgment that may be recovered because he had the right to appear and defend the action equally as if he were a party to the record." *Davis* v. *Smith*, 79 Me., 351; *Penobscot Lumber Association* v. *Bussell*, 92 Me., 256.

In the *Glovesky Case*, supra, the Court found that the indemnitor, who was the petitioner in review, took no part in the defense of the original suit against his indemnitee, was not requested to assume the defense, and knew nothing of it. Hence in that case he had no standing under the statute to ask a review of a judgment to which he was a stranger.

In the instant case the uncontradicted evidence seems to be plenary that, after suit had been brought against the Pickerings, Vermeule was notified of the pendency of the suit and volunteered to assume the defense without service of any notice upon him; that his intention to do so was made known to Brazer's attorney; that he took part in the preparation of the defense and employed counsel for that purpose. We are therefore compelled to hold that

Vermeule was properly avouched in to defend and became a party in interest.

It appears that the ruling of the court was made after hearing only a part of the evidence which the petitioners and the respondent sought to be introduced and the mandate must be,

*Exceptions sustained.*
*Parties to be further heard*
*as to the merits of the case.*