STEVEN HEJZA, Respondent, *v.* NEW YORK CENTRAL RAILROAD
COMPANY, Appellant.

Fourth Department, November 12, 1930.

*Mark N. Turner*, for the appellant.

*Martin G. Phillips* and *Dana L. Spring*, for the respondent.

*Morey C. Bartholomew*, for A. H. Case & Co., Inc.

TAYLOR, J. Plaintiff was an employee of A. H. Case & Co., Inc. That company was engaged, among other things, in cleaning live-stock cars. To enable it to carry on this work it had leased a tract of land from defendant. While engaged in his employer's business plaintiff was injured in a shunting of cars by defendant on the premises in question, and has sued for damages in a " negligence action." Defendant has moved the court under subdivision 2 of section 193 of the Civil Practice Act for leave to bring in the Case Company as an additional defendant. The motion was denied and this appeal resulted. At the time of the mishap a contract was in effect between defendant and the Case Company, which reads in part as follows: " Said lessee assumes all risk of loss, damage or injury, by fire or otherwise, to person or property by reason of the condition of said demised premises or any use of same by Lessee hereunder or of the location of same adjoining or near the tracks of said railroad or by reason of the management or operation of said railroad; and releases the said Lessor, its successors and assigns from all claim for such loss, damage

or injury sustained by said Lessee, or by any agent or employee of said Lessee, or by any person whomsoever, whether caused by the negligence of the said Lessor, its agents or employees or otherwise. And said Lessee agrees to indemnify and save harmless said Lessor, its successors and assigns, from all claim for such loss, damage or injury sustained by said Lessee, or any agent or employee of said Lessee, or by any person whomsoever, whether the same be caused by the negligence of said Lessor, or of its officers, agents, employees or otherwise."

Subdivisions 2 and 4 of section 193 of the Civil Practice Act read thus:

" 2. Where any party to an action shows that some third person, not then a party to the action, is or will be liable to such party wholly or in part for the claim made against such party in the action, the court, on application of such party, may order such person to be brought in as a party to the action and direct that a supplemental summons and a pleading alleging the claim of such party against such person be served upon such person and that such person plead thereto, so that the claim of such moving party against such person may be determined in such action, which shall thereupon proceed against such person as a defendant therein to such judgment as may be proper."

" 4. The controversy between the defendants shall not delay a judgment to which the plaintiff is entitled, unless the court otherwise directs."

Section 193 of the Civil Practice Act was revised from section 452 of the Code of Civil Procedure (as amd. by Laws of 1901, chap. 512). The section was first subdivided in 1923, but what is now subdivision 2 was enacted as an amendment by chapter 624 of the Laws of 1922. A further amendment of the statute (Laws of 1923, chap. 250) changed its wording so that the granting of an order by the court is now discretionary, it having been compulsory on a proper showing under the 1922 act. What is now subdivision 4 was first enacted by the amendment of 1922 and continued in the amendment of 1923.

Subdivision 2 has frequently engaged the attention of the courts and of commentators in law periodicals and elsewhere. Extended discussion of it here will not be attempted. But some comment upon the treatment of similar statutes in other jurisdictions, upon instances in which the provisions of this particular subdivision have been invoked and upon the results reached by our courts, seems advisable in considering the applicability of the statute to the exact state of facts here presented.

This plaintiff has no action at law against the Case Company.

If that company " is or will be liable " for the " claim made " by plaintiff against defendant, it cannot be as one who has wronged plaintiff independently or in collaboration with the defendant. In *Fedden* v. *Brooklyn Eastern District Terminal* (204 App. Div. 741) and *Hailfinger* v. *Meyer* (215 id. 35), for example, the party brought in was subject to liability to the injured plaintiff; in the first case as an active tort feasor employee of the defendant employer, and in the second case as a tort feasor contractor of the defendant. In these and other cases which have arisen, the imported party was asserted to be legally involved in the subject of the action, not only with the defendant in some manner, but with the plaintiff. Here there is claimed tort liability of defendant to plaintiff, and contract liability of plaintiff's employer to defendant, but the other side of the triangle is missing.

There is no apparent reason why the statute is unavailable because the Case Company is bound by its direct contract, instead of by operation of law, to indemnify defendant for a loss caused by its tort. The contract is founded upon good consideration and should find the same favor in the law as, for example, do accident insurance contracts.

The application of the statute would present less difficulty if the true import were clear of the phrase " for the claim made against such [the moving] party in the action." If the words are intended to mean " under the exact cause of action pleaded against such party in the action," the practical applicability of the statute would be so narrow that its usefulness would be small; and it would seem that many orders heretofore granted under this subdivision were granted improvidently. On the contrary, if the real significance of the words quoted is " because of the claim," etc., or " because of the result accomplished by the judgment obtained," a workable statute of some comprehensiveness and real service results.

Not only the promotion of expedition and the curtailing of expense in litigation, but the trend of authority speak for a liberal construction of this statute, that it be given a scope as wide as is consonant with due regard for the rights of plaintiffs to proceed promptly. (Civ. Prac. Act, § 193, subd. 4.) A similar Wisconsin statute has been construed with great liberality (*Swanby* v. *Northern State Bank*, 150 Wis. 572). " It would seem that the rule [here under consideration] should be more broadly applied, without such meticulous spelling out of the supposed statutory requirements." (Clark Code Pleading, p. 286.) " To-day, however, with increasing litigation and more vivid realization of the wastefulness of duplicating trials * * * the effort is, as far as possible, to dispose of all phases of one controversy in one trial." (St. Johns Law Review, May, 1930, 151, 155.)

The present English provision of like import, found in the English Rules of the Supreme Court (Order XVI-A, rule 1, subd. 1, ¶¶ a, b, c), in effect May 28, 1929 (formerly Order XVI, rule 48), reads as follows:

" 1. (1) Where in any action a defendant claims as against any person not already a party to the action (in this Order called the third party)

" (a) that he [the moving defendant] is entitled to contribution or indemnity, or

" (b) that he is entitled to any relief or remedy relating to or connected with the original subject-matter of the action and substantially the same as some relief or remedy claimed by the plaintiff, or

" (c) that any question or issue relating to or connected with the said subject-matter is substantially the same as some question or issue arising between the plaintiff and the defendant and should properly be determined not only as between the plaintiff and the defendant but as between the plaintiff and defendant and the third party or between any or either of them,

" The Court or Judge may give leave to the defendant to issue and serve a ' third-party notice.' "

This rule is less comprehensive than the statute we are considering, if the latter be given the broad reading heretofore suggested. But the English rule has been held comprehensive enough to bring into an action as an additional defendant (1) a sublessee liable to the initial lessee for a breach of covenant, the latter having been sued by the lessor for the same breach; (2) defendant's vendor, defendant (purchaser of a chattel) having been sued for the recovery of the chattel by the true owner; (3) one who has agreed to indemnify another sued for calls on shares; (4) a principal, the surety having been sued. (Annual Practice, 1930, of the Supreme Court of England, pp. 286–291; Id. 1931, pp. 289–294.)

Subdivision 2 of section 193 has been given effect in *Wichert* v. *Gallagher & Archer* (201 N. Y. Supp. 186; affd., 206 App. Div. 756) (bringing in a railroad company claimed to be liable over to defendants sued for damages for failure to promptly deliver goods); *Travlos* v. *Commercial Union of America, Inc.* (217 App. Div. 352) (bringing in a company which failed, as agent of defendant company, to place insurance correctly, as a result of which defendant was sued for damages); *Prescott & Son, Inc.*, v. *Nye* (223 App. Div. 356) (bringing in insurance companies failing to insure plaintiff's property on the order of defendant, who had agreed to procure the insurance); *Lowry & Co.* v. *National City Bank* (28 F. [2d] 895) (bringing in an indemnitor and a guarantor of payment by defendant bank of

drafts accepted by it), and *Driscoll* v. *Corwin* (133 Misc. 788) (bringing in sheriff's indemnitors). All these cases are authorities for this appellant.

As to the following cases, which might seem to hold a broad construction in disfavor, all are clearly distinguishable, so far as the particular situation here presented is concerned: *Greenhouse* v. *Rochester Taxicab Co.* (*infra*) (where the moving and proposed defendants were joint tort feasors); *Neuss, Hesslein & Co., Inc.*, v. *Nat. A. & C. Co., Inc.* (120 Misc. 164); *New Netherland Bank of New York* v. *Goodman* (201 N. Y. Supp. 188); *Kromback* v. *Killian* (215 App. Div. 19); *Stern* v. *Ide & Co., Inc.* (212 id. 714); *Williams* v. *Flagg Storage Warehouse Co.* (128 Misc. 566; affd., 221 App. Div. 788); *Bozzuffi* v. *Darrieusecq* (125 Misc. 178), and *Wilson* v. *United American Lines* (21 F. [2d] 873).

While the provision of subdivision 4 of section 193 of the Civil Practice Act, that controversies between defendants shall not delay plaintiffs in obtaining judgments, should be given its true valuation, it should not be overstressed, lest the important rights given by subdivision 2 be unduly restricted. In many, probably most, cases where additional defendants are brought in against plaintiff's protest, some delay will be caused plaintiff in obtaining judgment. " Where it appears that the administration of litigated business may be promoted without too great a sacrifice of plaintiff's rights, parties will be brought in on defendant's motion." (*Greenhouse* v. *Rochester Taxicab Co.*, 218 App. Div. 224, 227; appeal dismissed, 244 N. Y. 559, citing *Sherlock* v. *Manwaren*, 208 App. Div. 538, 541; *Travlos* v. *Commercial Union of America, Inc.*, 217 id. 352.)

We will assume for argument's sake that the Case Company, as stated in its brief, had secured compensation to its employees under the Workmen's Compensation Law. This plaintiff had the right to sue the third party — defendant tort feasor — perhaps without formally electing in advance (Workmen's Compensation Law, § 29) to do so. (*Lester* v. *Otis Elevator Co.*, 169 App. Div. 613.) By bringing this action instead of electing to take compensation, plaintiff has made available to the State, the insurance carrier and the employer all rights secured by section 29 of the Workmen's Compensation Law (as amd. by Laws of 1924, chap. 499). Plaintiff can, therefore, hardly be heard to complain about provision being made for promptly adjusting all differences and fixing all obligations among all parties interested. Furthermore, the issue, if any, arising between defendant and the Case Company will be narrow.

We have not overlooked the claim of laches. There has not been delay fairly attributable to defendant which was so extensive

or harmful that this application should have been denied for that reason.

Respondent urges that defendant might have fully secured its rights in the premises by " vouching in " the Case Company, *i. e.*, by serving notice on that company to come in and defend. (*Oceanic Steam Navigation Co., Ltd.*, v. *Campania Transatlantica Espanola*, 144 N. Y. 663.) Even if this be true, defendant has chosen to proceed under section 193, subdivision 2, of the Civil Practice Act, and it is our duty to pass on the merit of its choice.

For the reasons given we are of the opinion that this statute, in letter as well as spirit, reaches the situation here presented and that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, without costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted, without costs.