MUNICIPAL SERVICE REAL ESTATE COMPANY, INC., Respondent, *v.* D. B. & M. HOLDING CORPORATION, Defendant, and THE NATIONAL SUGAR REFINING COMPANY OF NEW JERSEY, Appellant.

(Argued September 28, 1931; decided November 17, 1931.)

*Henry F. Cochrane* and *Walter J. Vreeland* for appellant.
As the result of the notice served upon the appellant to
come in and defend this action, the appellant may be
liable for any judgment obtained therein against its
co-defendant. (*Hilliker* v. *Rueger*, 165 App. Div. 189;
219 N. Y. 334; *Morette* v. *Bostwick*, 56 Misc. Rep. 140.)
A party defendant brought into an action on the ground
that it is or may be ultimately liable for a judgment
recovered therein, may answer the allegations of the
complaint and plead by way of separate defenses thereto
all matters and facts tending to prevent a recovery against
it. (*Olmstead* v. *Rawson*, 188 N. Y. 517; *Morette* v.
*Bostwick*, 127 App. Div. 701.)

*Horace R. Lamb* and *George M. Billings* for respondent.
The defendant-appellant will not be bound by a judgment
running in the plaintiff's favor against the original defend-
ant unless the latter permits the defendant-appellant to
assume the defense of the action or controversy between
the original defendant and the plaintiff. (*Port Jervis* v.
*First Nat. Bank*, 96 N. Y. 550; *Oceanic Steam Navigation
Co.* v. *Compania Trans-Atlantic*, 134 N. Y. 461; *Cornell*
v. *Travellers Ins. Co.*, 175 N. Y. 239; *Olmstead* v. *Rawson*,
188 N. Y. 517; *Hilliker* v. *Rueger*, 228 N. Y. 11; *National
Metal Box Co.* v. *Gotham*, 125 App. Div. 101; *Morette* v.
*Bostwick*, 127 App. Div. 701; *Fedden* v. *Brooklyn Eastern
District Terminal*, 204 App. Div. 741.) The right of
the plaintiff to litigate the issues with a defendant of its
own choosing in an action at law for damages only will
not be interfered with. (*Fedden* v. *Brooklyn Eastern
District Terminal*, 204 App. Div. 741; *Chapman* v. *Forbes*,
123 N. Y. 532; *Bauer* v. *Dewey*, 166 N. Y. 402; *Frank-*

*hauser* v. *Smith,* 223 App. Div. 35.) The Legislature did not intend, by enacting subdivision 2 of section 193 of the Civil Practice Act, to burden the plaintiff with the maintaining of his action against an additional defendant whom he had not sued and against whom he could not obtain judgment. (*Greenhouse* v. *Rochester Taxi Cab Co.,* 218 App. Div. 224; *Bozzuffi* v. *Darrieusecq,* 125 Misc. Rep. 178; *Federal Lighterage Co.* v. *Italia,* 125 Misc. Rep. 181; *Testing Laboratories* v. *Krainin,* 124 Misc. Rep. 667; *Otis Elevator Co.* v. *Miller,* 127 Misc. Rep. 421.)

LEHMAN, J. The defendant D. B. & M. Holding Corporation conveyed to the plaintiff certain premises in the city of New York, by deed containing a warranty of title. The plaintiff has brought an action against its grantor for breach of that warranty. The National Sugar Refining Company had conveyed the premises to the defendant by deed containing a similar warranty of title. Upon application of the defendant the court ordered that the National Sugar Refining Company be brought in as an additional party defendant. In accordance with the provisions of subdivision 2, section 193 of the Civil Practice Act, the order contained a direction that a supplemental summons be served on the National Sugar Refining Company and an amended answer alleging the claim of the defendant against the National Sugar Refining Company.

The amended answer of the defendant D. B. & M. Holding Corporation contains denials of the allegation of the complaint, and after alleging its claim against the National Sugar Refining Company for indemnity, demands judgment that the complaint be dismissed and that if judgment for any amount be rendered in favor of the plaintiff, the defendant may have judgment against the National Sugar Refining Company for the same amount. Thereupon the defendant the National Sugar Refining Company filed an answer to the complaint, setting forth various defenses to the plaintiff's cause of action, but

not denying any of the allegations of the claim made against it by the original defendant. Upon motion of the plaintiff that answer has been stricken out.

The plaintiff seeks a money judgment for damages against its grantor. It has no controversy with, and makes no claim for damages against, a prior grantor who may have conveyed with similar warranty of title; but if the plaintiff is entitled to damages from its grantor, then its grantor in turn will be entitled to indemnification from the National Sugar Refining Company. Proof of the same facts which would establish the plaintiff's cause of action and entitle the plaintiff to judgment against its grantor would also establish that grantor's right to indemnification; and a successful defense against the plaintiff's asserted cause of action would destroy the basis of any claim for indemnification. If the original defendant chooses, it may by appropriate notice to its indemnitor offer to the indemnitor control of the defense of the action; then any judgment rendered in that action will be binding upon the indemnitor when call is made upon him for indemnification, though the indemnitor was not a party to the original action. (1 Freeman on Judgments [5th ed.], §§ 451, 454.) That is true even though the indemnitor refuses to assume such control and neglects to interpose a denial or defense which would have defeated the plaintiff's claim. (*Chamberlain* v. *Preble*, 93 Mass. 370; *Brewster* v. *Countryman*, 12 Wend. 446.) It is not true unless the indemnitor is given opportunity to controvert the claim made against the original defendant. If the original defendant chooses to maintain control of the defense, then the indemnitor suffers no real injury though the defense be feeble or even pretended, for a judgment so obtained is binding only upon the parties to the action. The indemnitor is not entitled to an order of intervention in such an action which might compel a plaintiff to litigate a cause of action with a second defendant with whom it has no controversy,

or compel the original defendant to divide control of the defense. (*Garrigues Co.* v. *Casualty Co.*, 220 N. Y. 588.)

To obviate the delays and difficulties attendant upon circuity of action, the Legislature has, in subdivision 2 of section 193 of the Civil Practice Act, provided a method by which a party to an action in which a claim is made against such party may establish, in the same action, the liability of an indemnitor or other third person ultimately " liable to such party wholly or in part for the claim made against such party in the action." The purpose and intended effect of the new statutory provision is clearly defined in the statute itself. The third person is brought in as a party to the action to meet a claim asserted against him by one of the original parties to the action. The order bringing in the third person as a party must direct that the party asserting such claim shall serve " a pleading alleging the claim of such party against such person, * * * and that such person plead thereto, *so that the claim of such moving party* * *· * may be determined in such action, which shall thereupon proceed against such person as a defendant therein to such judgment as may be proper." The plaintiff has made no claim against the defendant and may decline to litigate any issues tendered by a person against whom it makes no complaint and demands no judgment. By the express terms of the statute " the controversy between the defendants shall not delay a judgment to which the plaintiff is entitled, unless the court otherwise directs." The additional defendant can create no controversy with the plaintiff by serving an answer to the complaint against the original defendant, and the order granting the plaintiff's motion to strike out the answer must be affirmed.

In arriving at this conclusion we have assumed that the answer alleges facts sufficient, if proven, to defeat the plaintiff's cause of action. Our decision is based upon the plain language of the statute, which gives no

right to any party to plead or prove a defense in a cause of action asserted solely against another party. The statute does not provide, expressly or by fair implication, that a judgment in favor of the plaintiff against one defendant shall constitute a binding adjudication against a third person brought in as an additional party defendant. It provides only for " such judgment " against the additional defendant " as may be proper."

A " proper judgment " is, of course, a judgment rendered in accordance with due process of law after a trial in which a party against whom the judgment is rendered has had fair opportunity to present his evidence or defense in answer to the claim which is adjudicated against him. The statute contemplates that the claim by the original defendant against the indemnitor shall be alleged in a supplemental pleading. The indemnitor may interpose an answer to that pleading and to no other. Thus the issues are defined in the controversy between the plaintiff and the original defendant by the pleadings of the parties to that controversy and the issues in the controversy between the two defendants are defined by the pleadings of the two defendants. Sometimes those issues may be the same, sometimes the issues may be different. The original defendant may, if it choose, raise no issues upon the claim of the plaintiff against it. Then judgment in favor of the plaintiff against the original defendant must follow. The validity of the original defendant's claim for indemnification against the liability which it has not chosen to dispute depends upon the existence of the primary liability. That the indemnitor may dispute, and by answer to the supplemental pleading alleging the claim of the original defendant for indemnification, may interpose a pleading which will define the issues he desires to raise in regard to the original liability. The record here does not disclose whether the appellant has served an answer to the supplemental pleading of the original defendant, thus defining the issues in the controversy

between the two defendants. The answer which has been stricken out is the answer to the complaint only.

The statute does not define how the issues in the two controversies shall be tried in one action. The trial justice must exercise a wise discretion in the conduct of the trial so that the claim for indemnification may be determined without unfair impediment or delay in the entry of a judgment to which the plaintiff is entitled. In England, Rules of Practice which provide for analogous procedure have been given a similar effect. (See *Barton v. London & North Western Ry. Co.*, 38 Ch. Div. 144.) There must be opportunity for proper cross-examination of witnesses whose testimony is intended to establish the primary liability and opportunity to put in a defense. The trial justice must so direct the conduct of the trial that such opportunity is afforded. Perhaps at times it may be proper to postpone trial of the issues in the controversy between the two defendants until after the controversy between the original defendant and the plaintiff has been determined. No question of trial procedure is now before us. Enough now to decide that an indemnitor or other third person made a party to the action under the provisions of subdivision 2 of section 193 of the Civil Practice Act does not thereby become a party to the original controversy and may enter a defense only to the claim for indemnification or contribution, made against him by the original defendant.

The order should be affirmed, with costs, and the questions certified answered in the negative.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed, etc.