MARTIN J. BOOTH, Plaintiff, *v.* HENRY I. SILVERMAN and Another, Defendants.

Supreme Court, Broome County, October 3, 1935.

*Chernin & Gold* [*James B. Gitlitz* of counsel], for the plaintiff.

*Hinman, Howard & Kattell* [*Morris Gitlitz* of counsel], for the defendant Henry I. Silverman.

*Lee, Levene & McAvoy* [*Theodore Levene* of counsel], for the defendant Leo E. Lake.

PERSONIUS, J. The defendant Henry I. Silverman is the owner of certain premises which he leased to Michael J. Burnett and Leo E. Lake for restaurant purposes. The plaintiff alleges that the stairs in said premises were defective when leased and that the tenants neglected to properly inspect and repair the same, by reason of which the plaintiff, when legally using said stairs, was injured. The complaint further alleges that the plaintiff is in doubt as to which defendant is liable, or whether both are liable.

For some undisclosed reason, Mr. Burnett, the other lessee, was not made a party defendant.

The defendant Henry I. Silverman, by cross-answer, sets out a provision of the lease requiring the lessees to keep the premises in good repair and alleges that if the plaintiff was injured by the negligence of any one, it was by reason of the negligence of the lessees, the defendant Leo E. Lake and Michael J. Burnett. Said answer demands that the defendant Henry I. Silverman have judgment against the defendant Leo E. Lake for any amount found against the defendant Henry I. Silverman.

By his motion the defendant Henry I. Silverman seeks to bring in Mr. Burnett, the other lessee, to the end that their rights and liabilities may also be adjudicated.

We think this motion should be granted. (*Hejza* v. *New York Central R. R. Co.*, 230 App. Div. 624.) In the action as it stands, it will be necessary for the plaintiff to establish the negligence of Silverman and/or Lake. It will also be necessary to establish the duty on the part of one or both of them to repair the stairs. This necessitates a consideration of the lease, whether the stairs are covered by the lease, whether there was joint control and most, if not all, of the questions bearing on the liability of the lessees, if any, to Mr. Silverman, the owner.

The plaintiff must show whose was the duty to maintain the stairs and who, if any one, failed to perform such duty. The lease must be considered in determining the first question. It must also be considered in determining the liability between the owner and the lessees.

The plaintiff cites *Municipal Service R. E. Co.* v. *D. B. & M. Holding Corp.* (257 N. Y. 423). That case involved questions of pleading. It did not involve the question of bringing in an additional defendant and expressly excluded questions of trial procedure. It determined that a person brought in as a defendant under subdivision 2 of section 193 of the Civil Practice Act does not become a party to the original controversy and that he may not answer the plaintiff's complaint or inject himself into the issue between the plaintiff and the original defendant or create a controversy with the plaintiff. It also determined that a judgment against the original defendant on the issues between the plaintiff and the original defendant is not binding against a third person brought in as an additional defendant. It did not hold that an issue framed by the pleadings between the original defendant and the defendant brought in could not be finally adjudicated between them Subdivision 2 of section 193 of the Civil Practice Act provides that the order bringing in an additional defendant direct " that a supple-

mental summons and a pleading alleging the claim of such party [original defendant] against such person [defendant brought in] be served upon such person and that such person plead thereto, so that the claim * * * may be determined in such action." The issue so raised may be the same or different from the issue raised between the plaintiff and the original defendant but whatever issue is raised is finally determined between the defendants. The court said in *Municipal Service R. E. Co.* v. *D. B. & M. Holding Corp.* (*supra*, at p. 429): " The statute contemplates that the claim by the original defendant against the indemnitor shall be alleged in a supplemental pleading. The indemnitor may interpose an answer to that pleading and to no other. Thus the issues are defined in the controversy between the plaintiff and the original defendant by the pleadings of the parties to that controversy and the issues in the controversy between the two defendants are defined by the pleadings of the two defendants. Sometimes those issues may be the same, sometimes the issues may be different. * * * That [the existence of the primary liability of the original defendant to the plaintiff] the indemnitor may dispute, and by answer to the supplemental pleading * * * may interpose a pleading which will define the issues he desires to raise *in regard to the original liability*." (Italics ours.)

So here Mr. Burnett, when brought in, may not answer the plaintiff's complaint and thereby raise the issue of negligence, but the defendant Henry I. Silverman's pleading against Mr. Burnett will allege and thereby tender the issue as to the negligence of Mr. Burnett. If denied by Mr. Burnett, that issue will be raised and adjudicated between them, as it will be on the original pleadings between the original parties.

Thus the liability of Mr. Silverman to the plaintiff and of Mr. Burnett to Mr. Silverman will be determined in one action.

The plaintiff may be somewhat delayed by bringing in an additional defendant, but the delay will not be so great as to warrant a denial of the motion. (*Hejza* v. *New York Central R. R. Co.*, 230 App. Div. 624.) All delay would have been avoided if the plaintiff had elected to make both lessees parties defendant, which would appear to have been the logical practice.

In view of what we have said, the plaintiff's motion to strike out a portion of the answer of the defendant Henry I. Silverman is denied, and the defendants' motion to bring Mr. Burnett into the action is granted, with costs to abide the event.

Submit order accordingly.