FLORENCE S. MAYER, Appellant, v. BOROUGH HALL HOLDING CORPORATION and Others, Defendants; ROBERT P. KING and J. FRANCIS HAYDEN, as Executors and Trustees, etc., of JAMES KING, Deceased, Respondents.— On the court's own motion, the decision of this court handed down February 24, 1942 [*ante*, p. 971], is amended to read as follows: Order granting motion to vacate order granting leave to implead respondents and to serve a cross-complaint upon them, reversed on the facts, without costs, and motion denied in the exercise of discretion, without costs. Counterclaims in answers of defendants Alice M. Tompkins and Eleanor B. Stumpf to plaintiff's foreclosure action allege that mortgages of these defendants are superior to plaintiff's mortgages by reason of an agreement entered into with respondents' testator, of which agreement respondents had knowledge, despite which they fraudulently and illegally consolidated the mortgages sought to be foreclosed. In the cross-complaint it is alleged that respondents sold the consolidated mortgages to plaintiff with an express written representation that the mortgages were first liens. If said defendants succeed in procuring judgment on their counterclaims, plaintiff seeks return of her purchase price from the respondents. There is sufficient identity of subject-matter to warrant the impleading of the respondents and the cross-complaint against them (Civ. Prac. Act, § 193, subd. 2; *Hejza* v. *New York Central R. R. Co.*, 230 App. Div. 624, 627; *Barclays Bank* v. *Tom*, [1923] 1 K. B. 221, 223, 224), even though other issues may be presented between plaintiff and respondents. (*Mun. Serv. R. E. Co.* v. *D. B. & M. Holding Corp.*, 257 N. Y. 423, 429; *Nichols* v. *Clark, MacMullen & Riley, Inc.*, 261 id. 118, 124, 125.) The sequence and practice at the trial are largely dependent upon the precise nature of the cause of action set forth in the cross-complaint and the relief which is sought, whether legal or equitable, which should be clarified. The present order is reversed without prejudice to the respondents making such motion or motions as they may be advised addressed to the sufficiency of the cross-complaint, in the light of the plaintiff's claim as to its nature. Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.