125 WEST 45TH ST. RESTAURANT CORP., Plaintiff, *v.* FRAMAX REALTY CORPORATION, Appellant, and BARNET KLAR and Another, Defendants, ROYCE REALTY CORP. and NEW YORK REALTY OPERATORS, INC., Impleaded Defendants, Respondents. (Consolidated Appeals.)

First Department, February 11, 1937.

*Samuel W. Dorfman* of counsel [*A. Arthur Klar,* attorney], for the appellant Framax Realty Corporation.

*William M. Kurtz* of counsel [*Robert Moers,* attorney], for the impleaded defendants, respondents.

PER CURIAM. Plaintiff sues to recover the sum of $6,250 deposited as security under a written lease made between defend-

ant Framax Realty Corporation, as landlord, and plaintiff's assignor, Caruso Restaurant, Inc., as tenant. After issue joined and under section 193, subdivision 2, of the Civil Practice Act, upon notice to the plaintiff, defendant Framax Realty Corporation secured an order entered May 12, 1936, bringing in Royce Realty Corporation and New York Realty Operators, Inc., as defendants and served upon the impleaded defendants a supplemental summons and second amended answer containing cross-claim.

Defendant Framax Realty Corporation appeals from two orders entered on August 19, 1936, granting separate motions of the impleaded defendants (1) to vacate the order of May 12, 1936, bringing them in as defendants; and (2) to dismiss for legal insufficiency the cross-claim in appellant's second amended answer, and from the judgment entered upon the second order.

We consider that the order of May 12, 1936, bringing in the impleaded defendants was properly made and should not have been vacated. Section 193 is a remedial statute and should receive a liberal construction. In the discretion of the court parties may be brought in in actions at law at the instance of a defendant where there is liability over, either through indemnity, contribution or otherwise, provided it appears to the satisfaction of the court that the party brought in " is or will be " ultimately liable for the claim made by the plaintiff. The statutory provision that the claim of the original defendant shall proceed " to such judgment as may be proper " in a case where the impleaded defendant is an indemnitor against loss as distinguished from an indemnitor against liability, is rendered effective, without prejudice or impairment of substantial rights, by a conditional or provisional judgment against the impleaded defendant requiring payment of such judgment after showing that the original defendant has satisfied plaintiff's judgment. The construction applied in 1925 by the Appellate Division, Second Department, in *Kromback* v. *Killian* (215 App. Div. 19) should be strictly confined to its facts which render that case clearly distinguishable from the state of facts here presented.

The cross-claim of the appellant as now alleged attempts to state the substance of the indemnity agreement relied on but fails to annex and make part of the pleading a copy of the agreement itself. It is claimed that the written indemnity agreement executed by the defendant Royce Realty Corporation contained an undertaking on its part to " apply the said securities in accordance with the terms and provisions of the leases; " and that such provision would place a direct duty and liability upon Royce Realty Corporation to return this deposit to the tenant since there

are allegations in the pleadings that Royce Realty Corporation received this cash deposit; that the lease itself has been surrendered; that no claims for damages are outstanding and there exist no further claims which can possibly arise under the lease.

Accordingly the judgment should be reversed and the order dismissing the cross-claim should be modified by granting appellant leave to serve an amended pleading, and the order vacating the order of May 12, 1936, bringing in the respondents as defendants should be reversed, with costs of this appeal to appellant to abide the event.

Present — MARTIN, P. J., TOWNLEY, GLENNON, UNTERMYER and DORE, JJ.

Judgment unanimously reversed; the order dismissing the cross-claim modified by granting appellant leave to serve an amended pleading, and the order vacating the order of May 12, 1936, bringing in respondents as defendants reversed, with costs to the appellant to abide the event.