Dorothy Mirsky, Plaintiff, *v.* Seaich Realty Company, Appellant, and Abraham T. Goldberg and Joseph R. Silverman, as Copartners Doing Business under the Name of Piedmont Undergarment Co., Impleaded Defendants, Respondents.

First Department, April 6, 1939.

*Frederic J. Locker* of counsel [*E. C. Sherwood*, attorney], for the appellant.

*Herbert F. Hastings, Jr.*, of counsel [*Edward F. Sweeney* with him on the brief], for the respondents.

CALLAHAN, J. Plaintiff sued appellant for personal injuries alleged to have been sustained by her while employed in a loft situated on the eighth floor of a building owned by the appellant. The basis of her complaint is that she was injured while opening a window in the loft, which window, through appellant's negligence, was permitted to become out of repair.

Respondents Abraham T. Goldberg and Joseph R. Silverman, copartners doing business under the name of the Piedmont Undergarment Co., were the tenants of said loft and the employers of plaintiff. These respondents were not originally sued by plaintiff, but were impleaded on the appellant's motion as parties who are or will be liable to appellant.

The cross-complaint of appellant against the respondents has been stricken out by Special Term. The order striking out such claim is the subject of this appeal.

The cross-complaint set forth that the lease of the eighth floor executed by respondents contained the following provisions: " The tenant will, at his expense, make all repairs and renewals of whatever nature necessary to put and keep in good condition the premises and fixtures therein including the doors and windows. * * * The tenant will indemnify, protect and save harmless the landlord herein from any loss, costs, damage, or expense caused by injuries to persons or property while in, on, or about said premises herein leased."

The Special Term held that the foregoing clause in the lease was not to be construed as an agreement by the tenants to indemnify the landlord from the latter's own acts of negligence, and that as the plaintiff's complaint herein was based solely on the landlord's alleged negligence the cross-complaint was insufficient. In so holding the Special Term applied the rule of construction usually applied to contracts which contain incidental agreements for indemnity, which rule is that such agreements are not to be considered as indemnifying one from his own negligent acts, in the absence of

language clearly expressing the intention to do so. (*Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36.) We think that the rule referred to was inapplicable to the present case. Here we have the ordinary agreement by a tenant to keep in repair leased premises. Even in the absence of an express covenant to do so, the duty to repair would be on the tenants as to those portions of the leased premises which were under their control. (*Witty* v. *Matthews*, 52 N. Y. 512.) Any doubt concerning whether the tenants were required to repair the windows as part of the premises under their control is removed in the present case by the existence of an express agreement to do so. Under these circumstances the tenants would appear to be the only ones liable for injuries to their invitees by reason of lack of repair of the windows. (*Fink* v. *37 West 36th Street Company*, 277 N. Y. 703.) However, on the present motion plaintiff's right to recover from appellant is not at issue. Her complaint states a cause of action against appellant based on its negligence in failing to repair windows which the complaint avers are under the appellant's control. That these allegations are denied by appellant, and the agreement of tenants to repair asserted in the cross-complaint, would not affect the appellant's right to indemnification if the plaintiff should establish her cause of action.

Some proof not presently disclosed might establish appellant's liability to plaintiff. For instance, it might appear that both appellant and respondents were in control of the windows, or that appellant's duty to repair was non-delegable. Proof of these situations would seem to be available to plaintiff under her complaint. Appellant would clearly be entitled to indemnity from respondents in such a case. Respondents may contest the question of the liability of appellant to plaintiff on the trial of this action. (*Municipal Service Real Estate Co.* v. *D. B. & M. Holding Corp.*, 257 N. Y. 423.)

The respondents may not avoid being impleaded by the assertion that they are the only ones who might be liable to plaintiff for failure to repair, and that plaintiff may not recover from them because as against them workmen's compensation is her exclusive remedy.

The purpose of subdivision 2 of section 193 of the Civil Practice Act is to avoid multiplicity of suits, and appellant, having a clear right to indemnity if held liable to plaintiff, was properly permitted to bring in its indemnitor as one who " is or will be liable * * * for the claim made against " it. It will thus have all the issues decided in a single action. (*125 West 45th St. Restaurant Corp.* v. *Framax Realty Corp.*, 249 App. Div. 589; *Hejza* v.

*N. Y. Central R. R. Co.*, 230 id. 624; *Folkowitz* v. *Brooklyn Trust Co.*, 252 id. 860; *Booth* v. *Silverman*, 157 Misc. 93.)

*Thompson-Starrett Co.* v. *Otis Elevator Co.* (*supra*) is not controlling here. That case involved a subcontract between the general contractor and an elevator construction company made in connection with the erection of a building. The contract contained a provision that the elevator construction company would indemnify the general contractor against all claims for damage to persons growing out of the execution of the work of constructing the elevators. Two employees of the elevator construction company were injured by reason of the general contractor's negligence in failing to perform a duty of which it had not relieved itself by contract. The general contractor sought indemnity for judgments recovered by these two injured persons, contending that as the injured workmen were on the premises doing the work of the elevator constructor, their claims were for damages to persons growing out of the execution of that work. The Court of Appeals said that the incidental provisions of the contract relating to indemnity were not to be construed to include indemnity for the general contractor's negligence in the absence of unequivocal language showing that it was the intention of the parties to do so.

The present contract, however, contains more than an incidental covenant of indemnity. The tenants expressly agreed to repair the premises, in addition to agreeing to indemnify the landlord. Where the parties in clear and express language contract that one of them is to assume the duty to repair and thus become responsible for injuries to third persons growing out of lack of repair, there is no room left for construction. Therefore, unless the agreement in the present case is against public policy, it would seem to be enforcible. Though agreements which exempt a landlord from liability for his own negligence have been recently declared against public policy by statute (Real Prop. Law, § 234), the present contract does not offend against that statute. Here there is no agreement exempting the landlord from its own negligence in failing to maintain portions of the premises over which it retained control, but merely an agreement that the tenants will repair those portions of the premises which they have leased and which are under their control. Appellant's cross-complaint was sufficient and should not have been dismissed.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied.