Amelia Cullen, Respondent, *v.* The City of New York, Appellant.

No opinion.

Present — Martin, P. J., O'Malley, Townley, Dore and Cohn, JJ.; O'Malley and Dore, JJ., dissent; dissenting opinion by Dore, J.

DORE, J. (dissenting). Plaintiff sues as assignee claiming a balance of $7,000 due her from defendant under assignments totaling $17,000. The complaint alleges that defendant consented to the assignments but paid plaintiff only $10,000 of the $17,000 assigned her and improperly paid the $7,000 balance to her assignor. Defendant moved to implead plaintiff's assignor under Civil Practice Act, section 193, subdivision 2. Special Term denied the motion, stating plaintiff had no claim against the third party.

We think both the order and the ground for the denial were erroneous. Section 193 does not require that the plaintiff have a claim against the party to be impleaded before impleader will be granted. Subdivision 2 of that section, however, does provide that when a defendant shows a third party will be liable to him wholly or in part for plaintiff's claim against him, the court may order such person brought in as a party to the action. Here plaintiff claims under assignments made to her by her assignor and accepted by the city. If plaintiff is successful in her claim against the city of New York for the $7,000, the impleaded assignor, to whom that amount previously assigned by him to plaintiff has been paid by the city, should in turn be liable over to the city as in that state of facts it was improperly received by him. The city was a mere stakeholder having no interest in the fund except to see that it was paid to the person or persons legally entitled thereto. The proper disposition of the fund assigned can best be determined in an action to which the assignee, the assignor and the stakeholder are all parties.

The determination of a single set of facts will dispose of both claims and the case appears to come precisely within the terms of section 193, subdivision 2. As was said in *Nichols* v. *Clark, MacMullen & Riley, Inc.* (261 N. Y. 118, 123): " Section 193, subdivision 2, relates to those causes of action wherein a person not a party to the action will be liable over to the defendant for the judgment or part of the judgment recovered by the plaintiff against him." In that case the impleader was not allowed as the impleaded defendant would not be liable over. Here the impleaded defendant will be liable to the city as under the allegations of the complaint the judgment must be based upon the intention of the assignor to assign plaintiff not $10,000 but $17,000. Parties may be brought in at the instance of a defendant where there is liability over either through indemnity, contribution, or otherwise. (*125 West 45th Street Restaurant Corp.* v. *Framax Realty Corp.*, 249 App. Div. 589 [First Dept. 1937]; *Travlos* v. *Commercial Union of America, Inc.*, 217 id. 352 [First Dept. 1926].)

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted.

O'Malley, J., concurs with Dore, J.