MARION WISCHNIE, as Administratrix of the Estate of ALEX WISCHNIE, Deceased, Plaintiff, *v.* MARTIN DORSCH et al., Copartners under the Firm Name of ARMOR ELEVATOR COMPANY et al., Defendants; BROOKMAN REALTY CORPORATION, Defendant-Appellant, and PREMIER LINEN SUPPLY & LAUNDRY SERVICE, INC., Impleaded Defendant-Respondent.

Argued November 21, 1946; decided April 17, 1947.

*I. Maurice Wormser* and *Martin J. Forgang* for appellant.
I. The cross complaint sets forth facts sufficient to constitute a valid cause of action. The case of *Semanchuck* v. *Fifth Avenue & Thirty Seventh St. Corp.* (290 N. Y. 412) does not apply nor does it render the cross complaint insufficient. (*Schwartz* v. *Merola Bros. Construction Corp.*, 290 N. Y. 145; *Lobello* v. *City of New York*, 268 App. Div. 880, 294 N. Y. 816.)

II. As between appellant and respondent, the latter is liable over to the former for its neglect and failure to perform its covenants to put and keep the elevators in good order and repair and to comply with all applicable statutes and ordinances. (*Scott* v. *Curtis,* 195 N. Y. 424; *Phoenix Bridge Co.* v. *Creem,* 102 App. Div. 354, 185 N. Y. 580; *Dunn* v. *Uvalde Asphalt Paving Co.,* 175 N. Y. 214; *Mirsky* v. *Seaich Realty Co.,* 256 App. Div. 658; *Booth* v. *Silverman,* 157 Misc. 93; *Walkowicz* v. *Whitney's, Inc.,* 178 Misc. 331.)

*Harry Schechter, William H. Stieglitz* and *Bernard Katzen* for respondent. I. The covenant in the lease whereby respondent (lessee) agreed to put and keep the premises in good repair generally, is not an express agreement to indemnify appellant (lessor) for damages caused by appellant's own active primary negligence. (*Thompson-Starrett Co.* v. *Otis Elevator Co.,* 271 N. Y. 36; *Cullings* v. *Goetz,* 256 N. Y. 287; *Dunn* v. *Uvalde Asphalt Paving Co.,* 175 N. Y. 214.) II. The duty imposed by sections 316 and 255 of the Labor Law upon appellant as owner of a tenant-factory building to maintain and operate the elevator therein so as to be safe to all persons is a positive nondelegable duty and the failure to comply with such statute constitutes active primary negligence and an agreement to provide indemnity therefor must be unequivocally expressed. (*Hente* v. *Shercoop Corp.,* 289 N. Y. 140; *Dunn* v. *Uvalde Asphalt Paving Co.,* 175 N. Y. 214; *Scott* v. *Curtis,* 195 N. Y. 424; *Phoenix Bridge Co.* v. *Creem,* 102 App. Div. 354; *Iroquois Gas Corp.* v. *International Ry. Co.,* 240 App. Div. 432; *Birchall* v. *Clemons Realty Co.,* 241 App. Div. 286; *Eisenberg* v. *Kemp, Inc.,* 256 App. Div. 698; *Smith* v. *167th Street & Walton Ave. Corp.,* 264 App. Div. 570; *Semanchuck* v. *Fifth Ave. & 37th Street Corp.,* 290 N. Y. 412; *Order of United Commercial Travelers* v. *Smith,* 192 F. 102; *De Haen* v. *Rockwood Sprinkler Co.,* 258 N. Y. 350.) III. It is immaterial whether or not appellant was in possession of the premises to charge it with active negligence for the failure to maintain and operate the elevator of a tenant-factory building so as to be safe to all persons. (*Gerber* v. *Seaich Realty Co.,* 259 App. Div. 667.) IV. Even if the building is not a tenant-factory building but is a nonfactory building the cross complaint is invalid as the plaintiff cannot recover

from an owner out of possession and the cross complaint is predicated on the right of the plaintiff to recover from appellant. (*Wischnie* v. *Brookman Realty Corp.*, 184 Misc. 506; *Liebowitz* v. *Denison Realty Corp.*, 250 App. Div. 204, 277 N. Y. 670.)

DYE, J. The plaintiff's intestate died from injuries sustained while lawfully riding in an elevator located in a tenant-factory building (Labor Law, § 315, subd. 2) owned by the defendant Brookman Realty Corporation, which it had leased to the defendant Premier Linen Supply & Laundry Service, Inc. For convenience, the defendants will be referred to herein as Brookman and Premier.

The plaintiff originally sued only Brookman, alleging that it was negligent in failing to keep the elevator in safe and proper condition as required by statute (Labor Law, §§ 255, 316). Brookman thereupon procured an order of interpleader to bring in the tenant Premier. In its answer Brookman cross-complained for recovery over against Premier for the amount of any judgment recovered by the plaintiff, alleging that it owned the demised premises; that Premier, under a long-term written lease, was in sole and exclusive possession of the premises, including the elevator; and that the injuries suffered by the decedent were occasioned primarily and solely by Premier's negligence and carelessness in failing to keep the elevator, its machinery and equipment, in good order and repair, as required by statute. It also alleged that Premier was liable over to Brookman because of its failure as such lessee pursuant to the terms of the lease " to put and keep * * * elevators in good order and repair at its own expense " and to " properly execute and comply with all statutes, ordinances, rules, orders, regulations and requirements of the Federal, State and City Governments, and of any and all their Departments and Bureaus applicable to said premises * * * during said term "; that, if plaintiff recovered a judgment, it would be because of Premier's negligence in the performance of its primary obligation and duty under the lease; and that Brookman, as owner, was out of possession and without fault in the premises.

Premier moved at Special Term for an order to strike out and dismiss the cross complaint for insufficiency, which was granted and which has been affirmed by the Appellate Division. The dismissal was on the theory that the owner's omission to do a statutory nondelegable act, although out of possession, made it a joint tort-feasor along with the tenant in possession, as both owed a positive duty under the statute to keep the premises, including the elevator, in proper condition; and that failure to plead the existence of an unequivocal agreement by Premier to indemnify Brookman rendered the cross complaint insufficient to state a cause of action for recovery over, citing as authority our recent decision in *Semanchuck* v. *Fifth Ave. & 37th St. Corp.* (290 N. Y. 412).

In that case we concluded that, in construction and demolition projects, the statute imposed a " positive " duty upon the owner and contractor alike (Labor Law, § 241); that it was an active, primary duty; and that any agreement to provide indemnity for concurrent failure to perform such duty must be " unequivocally expressed ", under the general theory that contracts " will not be construed to indemnify a person against his own negligence unless such intention is expressed in unequivocal terms " (*Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36, 41). We also concluded, and it seems to have been overlooked, that we should not extend such rule to other fields not included in its scope (Labor Law, § 241), but leave those situations to be controlled by the rules and standards antedating the statute.

In the instant controversy the pleading under attack alleges that the owner-landlord had neither possession nor control of the demised premises; that, on the contrary, such were under the exclusive possession and control of the tenant which was primarily responsible for safe and proper maintenance, including the elevator, as well as for compliance with applicable statutory requirements; that the tenant had an active, primary duty; and that the plaintiff's alleged injuries, if any, resulted from its active wrongdoing. The owner, although under a statutory duty (Labor Law, §§ 255, 316), was a passive wrongdoer at best. We, thus, have a pleading which alleges a cause of action for recovery over in a situation quite different from that considered in the *Semanchuck* case (*supra*) and which we

conclude is controlled, not by the rule requiring an "unequivocal expression" of intention, but rather by the rules and standards antedating the statute considered in the *Semanchuck* case.

The legislative design, as we see it, was to insure the injured plaintiff an existing and responsible defendant. As to the injured plaintiff it makes no difference whether the owner is in or out of possession or whether the tenant is in sole and exclusive possession and control; that is an expression of sound public policy approved by the court (*Hente* v. *Shercoop Corporation*, 289 N. Y. 140). However, it is something else to hold that the Legislature, in adopting a statute to benefit a person in fields of activity other than construction and demolition work, also intended to deprive the owner, guilty of only passive negligence at most, of his common-law right against the party in possession and control, whose negligence was the active and primary cause of plaintiff's injury. This brings us to the conclusion that the allegations of the cross complaint are sufficient to state a prima facie cause of action.

The judgment of the Appellate Division and the order of the Special Term should be reversed and the motion to dismiss the cross complaint denied, with costs in all courts.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and FULD, JJ., concur.

Judgment and order reversed, etc.