MARION WISCHNIE, as Administratrix of the Estate of ALEX WISCHNIE, Deceased, Plaintiff, *v.* MARTIN DORSCH et al., Copartners Doing Business under the Name of ARMOR ELEVATOR COMPANY, et al., Defendants, and PREMIER LINEN SUPPLY & LAUNDRY SERVICE, INC., Impleaded Defendant.

Supreme Court, Special Term, New York County, July 19, 1949.

*Theodore Kiendl, William R. Meagher, Aloysius J. Castellano* and *Stanford Schewel* for Brookman Realty Corporation, defendant.

*Phillips, Nizer, Benjamin & Krim* for plaintiff.

*Bernard Katzen, Harry Schechter, William H. Stieglitz* and *Arnold M. Herzog* for impleaded defendant.

McNALLY, J. This is a motion pursuant to rule 113 of the Rules of Civil Practice by defendant Brookman Realty Corporation (hereinafter called Brookman) for summary judgment against the impleaded defendant Premier Linen Supply & Laundry Service, Inc. (hereinafter called Premier).

Brookman seeks to recover from Premier (a) $92,089.53 the total amount of two judgments together with interest and costs in favor of the plaintiffs in this action and in a companion suit entitled *Steinkohl* v. *Dorsch;* counsel have stipulated that the decision of this motion shall apply in the action of *Steinkohl* v. *Dorsch*; (b) interest on that sum; (c) the reasonable value of expenses including counsel fees necessarily incurred by Brookman in the defense of these actions. Brookman asks summary judgment in the aggregate of both items (a) and (b) and asks for a hearing on (c) to determine the reasonable value of the expenditures represented by that item.

This action and the companion action were brought to recover damages for the injuries and death of plaintiffs' intestates, two employees of Premier, resulting from the fall of an elevator in which they were passengers on August 4, 1941, in a building owned by Brookman and occupied by Premier under a lease from Brookman dated March 31, 1921. After a trial in this court plaintiffs had judgments against Brookman alone. The judgments were affirmed by the Appellate Division and the Court of Appeals (184 Misc. 506, affd. 271 App. Div. 996, affd. 297 N. Y. 683). Thereafter, Brookman paid the judgments in full. Shortly after service upon it of the summons and complaint and before the cases were reached for trial, Brookman sought to implead Premier by serving upon it a cross complaint alleging in substance that if there was a legal liability to the plaintiffs such liability was created by Premier's nonperformance of its obligations under the lease, and by operation of law as tenant in exclusive possession and control, to keep the premises including the elevator in safe operating condition and repair and therefore that Brookman would be entitled to recoup from Premier as indemnitor any judgments recovered against Brookman by the plaintiffs. Premier moved for dismissal of the cross complaint and for severance of the action as to Premier. The motion was granted by an order of this court which was affirmed by the Appellate Division but unanimously reversed in the Court

of Appeals where the motion was denied (268 App. Div. 889, revd. 296 N. Y. 257). In the interval between the Appellate Division's affirmance of the dismissal of the cross complaint and the reversal thereof by the Court of Appeals, the trial of the cases was had in this court. Judgments were entered in favor of the plaintiffs against Brookman and affirmance was had in the Appellate Division and Brookman's further appeals from the judgments were pending in the Court of Appeals. At that time the Court of Appeals having reversed the dismissal of the cross complaint, Premier asked leave of the Court of Appeals to intervene in Brookman's appeal from the judgments and to file a brief and argue as an appellant and on its own behalf the merits of the judgments in plaintiffs' favor. The motion was granted to the extent of permitting Premier to file a brief. Premier filed such a brief in which it argued the merits on the basis of the printed record on appeal. The judgments appealed from were unanimously affirmed without opinion (297 N. Y. 683, *supra*). Subsequently, Premier whose time to do so had been extended by stipulation served its answer to the cross complaint. After Brookman had paid in full the judgments and expenses in its defense, Brookman served on Premier supplemental cross complaints in this and the *Steinkohl* action setting forth in full all the proceedings which had taken place since the service of the original cross complaint, stating the issues of law and of fact decided upon the trial of the merits and by the judgments in plaintiffs' favor, alleging that the issues so decided were conclusive upon Premier as an indemnitor, setting forth the amounts paid by Brookman on account of the judgments and the defense of the actions and demanding recovery over against Premier of these amounts as indemnity.

Premier thereupon moved to strike out the major part of these allegations. The motion was denied and the denial unanimously affirmed by the Appellate Division (275 App. Div. 658). Brookman now moves for summary judgment in its favor on the ground that the denials contained in Premier's answers to the cross complaint and the supplemental cross complaint are sham and frivolous and concern matters which have either been conclusively determined against Premier in the prior proceedings or else conceded by Premier therein.

Brookman claims that the service by it of the cross complaint on Premier in 1944 pursuant to the then subdivision 2 of section 193 of the Civil Practice Act had the effect of vouching in Premier. The bringing in by a defendant of one not a party

to the action on the theory that the latter is or may be liable over to the original defendant pursuant to section 193-a of the Civil Practice Act which now governs third-party practice would have the effect of vouching such person into the action since section 193-a of the Civil Practice Act expressly authorizes the third-party defendant to contest plaintiff's claim (subd. 2).

Section 193-a of the Civil Practice Act was, however, not in force in 1944 not having been enacted until 1946 (L. 1946, ch. 971). Subdivision 2 of section 193 which was the governing section in 1944 contains no provision permitting the impleaded defendant to contest the claim of the plaintiff against the original defendant. In fact it was one of the reasons why the Judicial Council recommended the enactment of section 193-a. (See Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 208–209 *et seq.*) The law prior to 1946 appears to have been that the impleading of a new defendant pursuant to subdivision 2 of section 193 of the Civil Practice Act was not the equivalent of vouching such defendant in since the latter would not be entitled effectively to contest the plaintiff's claim against the original defendant. (*Municipal Service Real Estate Co.* v. *D. B. & M. Holding Corp.*, 257 N. Y. 423, 427, 428, 429; Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 208 *et seq.*; 33 Col. L. Rev. 1147, 1157, 1164–1165; but see *Mirsky* v. *Seaich Realty Co.*, 256 App. Div. 658, 660.) In that case the following statement is found (p. 660): " Respondents may contest the question of the liability of appellant to plaintiff on the trial of this action ".

Brookman claims that Premier by applying to the Court of Appeals for permission to file a brief on Brookman's appeal from the judgment against it, which application was granted as aforesaid intervened in the action in which judgment was obtained against Brookman and is therefore bound by the judgment. Plaintiff cites Freeman on Judgments (Vol. 1, [5th ed.] § 411, p. 898) where the statement is made that " one who intervenes in an action in such a way as to make himself a party thereto, is concluded by the result the same as any other party ". Examination of the application made by Premier to the Court of Appeals and of the brief submitted by it pursuant to permission granted in the Court of Appeals reveals, however, that Premier never applied to be made a party to the action against Brookman and the order of the Court of Appeals did not purport to make it a party. In the court's opinion it follows that the proceedings taken by Premier in the Court of Appeals did not

have the effect of making the judgment against Brookman conclusively binding upon Premier.

Even if Premier were to be regarded as having been vouched in the judgment against Brookman would be conclusive against it only as to matters material to the causes of action against Brookman and the judgment would not be conclusive as to matters affecting the question as to whether Premier is liable over to Brookman. Although in the court's opinion the judgments against Brookman are not conclusive upon Premier even as to matters necessarily determined by the judgments against Brookman in view of the fact that there was no real vouching in, the court holds that the judgments are prima facie evidence of the facts established by them (*Comstock* v. *Drohan,* 8 Hun 373, affd. 71 N. Y. 9; *Whitaker* v. *Equitable Laundry Mach. Corp.,* 131 Misc. 505, affd. 223 App. Div. 881; 1 Freeman on Judgments [5th ed.], § 445, p. 976; 33 Col. L. Rev. 1147, 1149).

The judgments establish prima facie that the deaths occurred as the result of a defective elevator in the building owned by Brookman and that Brookman was liable as owner under sections 315 and 316 of the Labor Law. No attempt whatsoever is made in the answering affidavit submitted in opposition to this motion for summary judgment to rebut any of these prima facie presumptions. Premier merely contends (1) that its possession and tenancy of the building in which the defective elevator was located was not conclusive and (2) that Brookman from time to time made repairs pursuant to the right reserved to it in its lease with Premier to re-enter and make repairs. As to Premier's claim that it was not in exclusive possession it need only be observed that the brief submitted by it to the Court of Appeals repeatedly stated that the building in which the elevator fell was occupied exclusively by Premier. The opposing affidavit on this motion made by an attorney for Premier who obviously had no personal knowledge of the facts contains no competent evidence that Premier was not in exclusive possession of the building in which the defective elevator was located and Premier's admission in its brief in the Court of Appeals must, therefore, be deemed controlling.

There remains for consideration only Premier's claim that Brookman at times entered the leased premises to make repairs pursuant to the right to re-enter and repair reserved to it in its lease with Premier. The court holds that even if this be so Premier is liable over to Brookman for the judgment obtained against it. In the first place Premier's lease with Brookman

admittedly obligated Premier at its own cost and expense to make all repairs, structural or otherwise, and to keep the elevator in good order and repair. In view of this provision, whatever Brookman's liability might be to third persons by virtue of ownership as between Brookman and Premier, Premier is the one who should pay the judgments (*Mirsky* v. *Seaich Realty Co.*, 256 App. Div. 658, *supra*). In that case Mr. Justice CALLAHAN stated that even if the landlord was in partial control of the windows and even if its duty to repair was nondelegable, nevertheless it would be entitled to indemnity from the tenant by virtue of the latter's obligation to keep the windows in repair.

It is true that in upholding Brookman's cross complaint against Premier the Court of Appeals (296 N. Y. 257, *supra*) does not seem to have expressly based its decision upon Premier's contractual obligation to keep the elevator in repair; the opinion takes the position that under the allegations of the cross complaint Brookman had neither possession nor control (p. 261). Brookman was only a passive wrongdoer at best and Premier the active wrongdoer. It does not follow, however, that the Court of Appeals would have held otherwise if the cross complaint had omitted the allegation that Brookman had reserved no control of the demised premises.

Even apart from the doctrine of the *Mirsky* case (*supra*) it would seem that summary judgment must be granted to Brookman against Premier notwithstanding the fact that Brookman may have reserved the right to re-enter and make repairs and may have at times exercised that right. It seems to the court that the mere reservation to re-enter and repair and the occasional exercise of that right was insufficient to transform Brookman from a passive wrongdoer, which the Court of Appeals thought it would otherwise be, into an active wrongdoer. In other words, the only real factual issue raised by the answering affidavit that Brookman at times exercised a reserved right to enter and make repairs is in the court's opinion insufficient to confer a good defense upon Premier since even if that issue be determined in favor of Premier, Premier was nevertheless an active wrongdoer in the circumstances and Brookman only a passive wrongdoer.

The contention of Premier that summary judgment will not lie in this action is in the court's opinion without merit. The action is not an equitable one but one upon a contract implied in law and therefore comes within subdivision 1 of rule 113 of the Rules of Civil Practice.

The only question remaining is the amount for which Brookman should have judgment. It is entitled to the full amount of the judgments entered after trial together with costs and interest. In addition, it is entitled to be repaid the reasonable expense of defending the actions at Trial Term. It is, however, not entitled to be reimbursed for any expenses incurred in connection with its unsuccessful appeal from the judgments entered at the Trial Term. (*Murphy* v. *City of Yonkers*, 213 N. Y. 124.) An assessment of damages will be necessary to determine what amount Brookman shall be allowed as the reasonable expense of defending the actions at Trial Term.

The motion for summary judgment is granted. Settle order providing for a hearing at Trial Term to determine the amount of damages Brookman shall be allowed as the reasonable expense of defending the actions at Trial Term.