Appeal from an order of the Supreme Court, Saratoga County, denying a motion to dismiss the third-party complaint on the ground that it does not state a cause of action. The action was brought against Stewart alone to recover damages for the death of plaintiff’s intestate, an employee of the third-party defendants, who fell through the ceiling of premises owned by Stewart. Stewart has served a third-party complaint pursuant to the provisions of section 193-a of the Civil Practice Act, which is the pleading under attack and which alleges that the premises where the accident occurred were in the exclusive possession and control of the third-party defendants who had purchased the same under con *1076 tract from Stewart, the owner of record, and that the negligent acts complained of, if any, were primarily and actively those of such third-party defendants. The pleading sets forth a good cause of action and may not be dismissed on motion. (Wischnie v. Dorsch, 296 N. Y. 257; Schoenfeld v. Four Leaf Glover Realty Corp., 273 App. Div. 824; Mirsky v. Seaich Realty Co., 256 App. Div. 658.) Although it may develop on the trial that plaintiff’s intestate was an employee of the third-party defendants and that compensation has been awarded for his injuries and death, that fact, if it be a. fact, will not necessarily defeat Stewart’s common-law right of recovery. {Westchester Lighting Co. v. Westchester Co. Small Estates Corp., 278 N. Y. 175; see, also, Robinson v. Binghamton Constr. Co., ante, p. 468, decided herewith.) Order unanimously affirmed, with $10 costs to the defendant and third-party plaintiff against the third-party defendants. Present — Foster, P. J., Brewster, Deyo, Bergan and Coon, JJ.