Henry A. Hudson, J.
The defendant, the Watertown National Bank, has moved for an order dismissing the cross action and cross complaint contained in the answer of the defendant, Watertown Shopping Center, Inc., upon the ground that it appears on the face thereof that said cross action and cross complaint do not state facts sufficient to constitute a cause of action.
The allegations of the plaintiffs’ complaint charge both of the defendants with negligence which would, if established, make them joint tort-feasors but it is alleged by the defendant, the Watertown Shopping Center, Inc., in its cross complaint, that the defendant, the Watertown National Bank, under the terms of its lease with the Watertown Shopping Center, Inc., covenants and agrees to indemnify the Watertown Shopping Center, Inc., against any damage claims arising out of the occupancy of the demised premises by the lessee. As a result of such allegation, the defendant, Watertown Shopping Center, Inc., asks that the ultimate rights of the defendants between themselves be determined and that the defendant, Watertown Shopping Center, Inc., have judgment over and against the defendant, Watertown National Bank, for any sum or sums recovered against it by the plaintiffs.
The provisions of the lease which are relied upon by the defendant, the Watertown Shopping Center, Inc., in its cross complaint as the basis for the relief requested, read as follows:
‘ ‘ Paragraph 7. If the demised premises, or any part thereof, consists of first floor space adjacent to the Street, the Lessee will keep the sidewalk and curb immediately in front thereof or adjacent thereto clean and free from snow and ice and any obstruction and save harmless the Lessor from all damages or claims for failure so to do * * *.
“ Paragraph 8. The Lessor shall not at any time or in any event be liable to the Lessee or any person for any damage to property or persons occurring upon or about the demised premises and arising from the use thereof by the Lessee ■* * * ■ The Lesseee agrees to indemnify and hold harmless the Lessor against all such damage claims ”.
*338 The complaint sets forth in paragraphs 8 and 9 that the defendants and each of them caused and permitted the sidewalk in front of the defendant bank to be and remain in a heaved, elevated and defective condition. The bill of particulars amplifies this by alleging:
“ (1,2&3. * * * which accident occurred while plaintiff was pushing outward the exit door which struck the defective sidewalk condition causing the door to bound back and strike her on the right arm in the vicinity of the elbow ’ ’.
An obstruction is defined in Webster’s International Dictionary (2d ed.), as “ A thing that obstructs or impedes; an obstacle, impediment or hindrance, as in a street, river, or design.”
From a reading of the lease provision set forth in paragraph “ (7) ” of the cross complaint and the above provisions of the complaint and bill of particulars, it would appear that a determination either by the court or by the jury on the trial of the action will be necessary in order to ascertain whether the plaintiffs’ proof will establish that there was an “ obstruction ” within the meaning of the lease in question. Obviously such a determination cannot be made upon the moving papers herein.
It is further urged by the defendant, the Watertown National Bank, that the provisions of the lease do not constitute an indemnification agreement. This again may depend upon the proof of the plaintiffs or the proof of the defendant, Watertown Shopping Center, Inc., and should, therefore, await the trial of the action.
At least, it cannot be determined upon this motion in the consideration of which the court must accept the allegations of the cross complaint as being true. (Locke v. Pembroke, 280 N. Y. 430.)
It is further urged by the defendant, the Watertown National Bank, that the provisions of the lease violate section 234 of the Real Property Law. While this section might have application as between the plaintiffs and the defendants, it does not have application in respect to these defendants as between themselves. (Nixon v. Genung’s Inc., 84 N. Y. S. 2d 892; Mirsky v. Seaich Realty Co., 256 App. Div. 658.)
The motion of the defendant, the Watertown National Bank, to dismiss the cross complaint is denied, with $10 costs.