■ JOSE MARTINEZ et al., Plaintiffs, v ERNEST FIORE et al., Defendants and Third-Party Plaintiffs-Respondents. REMODELING CONSULTANTS, INC., Third-Party Defendant-Appellant. — In a negligence action to recover damages for personal injuries, etc., in which defendants third-party plaintiffs commenced a third-party action for indemnity or contribution, third-party defendant Remodeling Consultants, Inc., appeals from an order of the Supreme Court, Westchester County (Burchell, J.), dated July 29, 1981, which granted defendants third-party plaintiffs' motion for summary judgment in the third-party action. Order reversed, with $50 costs and disbursements, and motion for summary judgment denied. The order granting summary judgment in the third-party action is premature. A claim for indemnity is based on a contract, either express or implied. While a conditional judgment may be entered where indemnification is based upon an express contract to indemnify against loss (see *McCabe v Queensboro Farm Prods.,* 22 NY2d 204; *755 Seventh Ave. Corp. v Carroll,* 266 NY 157; *125 West 45th St. Rest. Corp. v Framax Realty Corp.,* 249 App Div 589), where the claim is based on an implied contract, as is the present case, the law is that the claim for indemnity does not arise until the prime obligation has been established. Stated otherwise, a party seeking indemnity must be held liable to the plaintiff before he can recover over from a third party (see *Corbetta Constr. Co. v Driscoll Co.,* 17 AD2d 176, 180; *Tokio Mar. & Fire Ins. Co. v McDonnell Douglas Corp.,* 465 F Supp 790, affd 617 F2d 936; *Rieger v Frankstram Realties,* 68 NYS2d 243; cf. *Tarantola v Williams,* 48 AD2d 552, 555 [a third-party plaintiff's rights to indemnification, contribution and apportionment of liability are not affirmative claims against the impleaded tortfeasor; they have no existence independent of the plaintiff's claim]). Accordingly, until the defendants third-party plaintiffs are cast in liability, they are not entitled to judgment against the third-party defendant. Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.

■ KENNETH MILLER, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. — Appeal by plaintiff from so much of a judgment of the Supreme Court, Queens County (Leviss, J.), entered January 11, 1982, as awarded him only $5,000 on his cause of action for malicious prosecution, upon a jury verdict. Judgment reversed, insofar as appealed from, on the law, and, as between plaintiff and respondents, action severed and matter remitted to Trial Term for a new trial on the issue of damages only, with costs to abide the event. In this action, *inter alia,* to recover damages for malicious prosecution, plaintiff prevailed only on his cause of action for malicious prosecution against several defendants. His proof of damages was improperly restricted, however, and a new trial is required solely on that issue. Plaintiff should have been afforded an opportunity to establish that he lost specific prospective employment opportunities as a consequence of the malicious prosecution (see Prosser, Torts [4th ed], § 119, p 850; see, also, *Loeb v Teitelbaum,* 77 AD2d 92; *Williams v City of Buffalo,* 72 AD2d 952, app dsmd 49 NY2d 799; *Colegrove v City of Corning,* 54 AD2d 1093). We further note that plaintiff must establish that his damages resulted from the malicious prosecution and not from the false imprisonment. Mangano, J. P., Gibbons, O'Connor and Thompson, JJ., concur.